**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RAUL HERRERA, and FRANCISCO REYES, individually and on behalf of all others similarly situated, | Case No. |
| *Plaintiff*, | **COMPLAINT** |
| -against- | |
| CAPRI II PIZZA, INC., GIULIO DIVITO, and CHRISTOPHER DIVITO | Jury Trial Demanded |
| *Defendants*. | |

Plaintiffs Raul Herrera ("Herrera"), and Francisco Reyes ("Reyes") (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, by their attorneys, Gangat PLLC, complaining of the defendants, Capri II Pizza, Inc. ("Capri"), and Giulio Divito ("Divito"), and Christopher Divito ("Christopher") (collectively, "Defendants"), respectfully allege as follows:

## NATURE OF ACTION, JURISDICTION, and VENUE

1.      This is an action seeking equitable and legal relief for Defendants' violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the New York Labor Laws §§ 190 *et seq*. and 650 *et seq*. ("NYLL").

2.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA and 26 U.S.C. § 7434.

3.      This Court has supplemental jurisdiction over the claims arising under New York state law pursuant to 28 U.S.C. § 1367, in that the New York state law claims are so closely related to Plaintiff's federal claims as to form the same case or controversy under Article III of the United States Constitution.

4.      Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct business through their employees, including Plaintiff, within this judicial district.

**PARTIES**

5.      Plaintiffs are individuals residing in the State of New York.

6.      At all relevant times, Plaintiffs were employed by Defendants.

7.      While employed with Defendants, Plaintiffs were regularly engaged in interstate commerce and/or in the production of goods for commerce.

8.      Plaintiffs are covered employees within the meaning of the FLSA and NYLL.

9.      Capri, is a domestic corporation with its principal place of business located at 149 Dreiser Loop, Bronx, New York, 10543, with its executive office address located at 155 Saxon Dr. Mamaroneck, New York, 10543.

10.     Capri is a pizzeria that also serves Italian cuisine.

11.     Upon information and belief, Divito, and Christopher are individuals residing in the State of New York.

12.     At all relevant times, Divito and Christopher, were owners and/or managers of Capri.

13.     At all relevant times, Divito, and Christopher were and still are officers, directors, shareholders, owners, and/or persons in control of Capri, who exercise significant control over Capri's operations and had the authority to hire, fire, and discipline their employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

14.     At all relevant times, Defendants were responsible for setting Plaintiffs' schedule and day-to-day activities and for supervising their performance.

15.     At all relevant times, Defendants had the power to discipline and terminate Plaintiffs.

16.     At all relevant times, Defendants were responsible for compensating Plaintiffs.

17.     Defendants are a single enterprise and/or joint employers as Defendants operate for the same business purpose and have common ownership and management.

18.     Defendants are joint employers, who jointly managed, supervised, hired, fired, and controlled the manner of pay of Plaintiffs, and are jointly and severally liable in this matter.

19.     Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed Plaintiffs.

20.     Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

21.     Defendants operate in interstate commerce.

22.     Defendants are subject to suit under the statutes alleged above.

## STATEMENT OF FACTS

*Herrera's Employment*

23.     Defendants employed Herrera as a cook and a cashier, from in or around December 1996 until July 2022.

24.     As a cook and cashier, Herrera's primary job duties included preparing food, storing food, making pizzas, cooking food, greet customers, receive customer's orders, operate the cashier.

25.     From in or around December 1996 until in or around July 2022, Herrera regularly worked approximately six (6) days per week, as follows: Mondays, Wednesdays, and Thursdays from approximately 10:00 a.m. to approximately 10:00 p.m., and Fridays and Saturdays from approximately 10:00 a.m. to approximately 11:00 p.m., without any meal or rest breaks, for a total of approximately seventy four hours (74) hours per week.

26.     Throughout Herrera's employment, Defendants neither tracked the hours Herrera worked, nor required Herrera to record his time.

27.     From in or around December 1997 until July 2018, Defendants paid Herrera $360.00 Cash per week for all hours worked, including those hours worked over forty (40) per week.

28.     From in or around July 2018 until the end of his employment, Defendants paid Herrera $600.00 Cash per week for all hours worked, including those hours worked over forty (40) per week.

### *Francisco Reyes' Employment*

29.     Defendants employed Reyes as a cook from in or around July 2013 to the present day and is still currently employed by the Defendants.

30.     As a cook, Reyes' primary job duties included preparing food, storing food, making pizza, cooking food, and cleaning the kitchen.

31.     From in or around July 2013 until in or around July 2024, Reyes regularly worked approximately six (6) days per week, as follows: Tuesdays through Thursdays from approximately 10:00 a.m. to approximately 10:00 p.m., and Fridays and Saturdays from approximately 10:00 a.m. to approximately 11:00 p.m., without any meal or rest breaks, for a total of approximately seventy four (74) hours per week.

32.     From in or around July 2024 until the present day, Reyes regularly works approximately four (4) days per week, as follows: Thursdays from approximately 1:30 p.m. to approximately 9:30 p.m., Fridays and Saturdays from approximately 10:00 a.m. to approximately 9:00 p.m., and Sundays from approximately 11:00 a.m. to approximately 9:00 p.m, without any meal or rest breaks, for a total of approximately forty (40) hours per week.

33.     Throughout Reyes' employment, Defendants neither tracked the hours Reyes worked, nor required Reyes to record his time.

34.     From in or around July 2016 until in or around December 2019, Defendants paid Reyes $75.00 per day for all hours worked, including those hours worked over forty (40) per week.

35.     From in or around January 2020 until in or around December 2020, Defendants paid Reyes $100.00 per day for all hours worked, including those hours worked over forty (40) per week.

36.     From in or around January 2021 until in or around December 2022, Defendants paid Reyes $110.00 per day for all hours worked, including those hours worked over forty (40) per week.

37.     From in or around January 2023 until in or around July 2024, Defendants paid Reyes $120.00 per day for all hours worked, including those hours worked over forty (40) per week.

38.     From in or around July 2024 until the present, Defendants pay Reyes $16.00 per hour for all hours worked, including those hours worked over forty (40) per week.

39.     From the beginning of his employment until in or around July 2024, Reyes received his wages in cash, but since in or around July 2024 until the present, Reyes has been receiving his wages in check.

***All Plaintiffs***

40.    At all relevant times, Plaintiffs were non-exempt employees pursuant to the FLSA and the NYLL, and entitled to overtime compensation and to earn the minimum wage.

41.    Despite routinely working in excess of forty (40) hours per week, Plaintiffs were not paid overtime compensation of one and one-half (1.5) times their regular hourly rate or the applicable minimum wage rate, whichever is greater, for the hours they worked in excess of forty (40) per week.

42.    Throughout the employment with Defendants, Plaintiffs were not given any proper meal or rest breaks during work shifts.

43.    Furthermore, throughout the employment with Defendants, Plaintiffs were not paid at least the applicable Federal nor the New York State minimum wage rate for all hours worked under the FLSA and the NYLL.

44.    Plaintiffs also frequently worked shifts that spanned more than ten (10) hours per day, but were not paid spread of hours pay of one (1) additional hour's pay at the full minimum wage rate for every day in which his shifts exceeded ten (10) hours ("spread of hours pay").

45.    Defendants further failed to furnish to Plaintiffs a payroll notice at the time of his hire, or at any time thereafter, containing Plaintiff's rates of pay, the designated payday, or other information required by NYLL § 195(1).

46.    Defendants also failed to furnish Plaintiffs, with each wage payment, an accurate statement listing Plaintiff's regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

47.    Defendants violated federal and state law by willfully failing to pay Plaintiffs and the FLSA Collective Plaintiffs overtime compensation and minimum wage; by failing to pay Plaintiffs the applicable spread of hours wages; by failing to timely pay Plaintiffs their full

amount of wages every week; by failing to provide Plaintiffs with the required payroll notices and wage statements; and  by retaliating against Plaintiff for exercising their legal rights under the FLSA and NYLL.

### AS AND FOR A FIRST CAUSE OF ACTION
*(Overtime Violations under the FLSA)*

48.    Plaintiffs repeat and reallege all prior allegations set forth above.

49.    Pursuant to the applicable provisions of the FLSA, Plaintiffs are entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate of pay or the applicable minimum wage rate, whichever is greater, for all hours worked in excess of forty (40) hours per week.

50.    Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

51.    Throughout the relevant time period, Defendants failed to pay Plaintiffs overtime wages of one and one-half (1.5) times their regular rates of pay or the applicable minimum wage rate, whichever is greater, for each hour worked in excess of forty (40) hours per week.

52.    As a result of Defendants' violations of the law and failure to pay Plaintiffs the required overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

53.    As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs are entitled to additional damages equal to one hundred percent (100%) of the total amount of wages due ("liquidated damages").

54.    Judgment should be entered in favor of Plaintiffs against Defendants on the First Cause of Action in the amount of their respective unpaid overtime wages, liquidated damages,

attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### **AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Overtime Violations under the NYLL)*

55.     Plaintiffs repeat and reallege all prior allegations set forth above.

56.     Pursuant to the applicable provisions of the NYLL, Plaintiffs were entitled to overtime compensation of one and one-half (1.5) times their regular hourly rate of pay or the applicable minimum wage, whichever is greater, for all hours worked in excess of forty (40) hours per week.

57.     Plaintiffs regularly worked in excess of forty (40) hours per week during their employment with Defendants.

58.     Throughout the relevant period, Defendants knowingly failed to pay Plaintiffs overtime wages of one and one-half (1.5) times their regular rate of pay or the applicable minimum wage, whichever is greater, for each hour worked in excess of forty (40) hours per week.

59.     As a result of Defendants' violations of the law and failure to pay Plaintiffs the required overtime wages, Plaintiffs have been damaged and are entitled to recover from Defendants all overtime wages due, along with all reasonable attorneys' fees, interest, and costs.

60.     As Defendants did not have a good faith basis to believe that their failure to pay overtime wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

61.     Judgment should be entered in favor of Plaintiffs and against Defendants on the Second Cause of Action in the amount of Plaintiffs' unpaid overtime wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Minimum Wage Violations under the FLSA)*

62.     Plaintiffs, on behalf of themselves, repeat and reallege all prior allegations set forth above.

63.     Pursuant to the applicable provisions of the FLSA, Plaintiffs were entitled to receive at least the statutory minimum wage for all hours worked.

64.     Throughout the relevant period, Defendants knowingly failed to pay Plaintiffs at least the statutory minimum wages for all of the hours they worked.

65.     As a result of Defendants' violations of the law and failure to pay Plaintiffs the required minimum wages, Plaintiffs have been damaged and are entitled to recover from Defendants all unpaid minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

66.     As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

67.     Judgment should be entered in favor of Plaintiffs and against Defendants on the Third Cause of Action in the amount of his unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

### AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF
*(Minimum Wage Violations under the NYLL)*

68.     Plaintiffs repeat and reallege all prior allegations set forth above.

69.     Pursuant to the applicable provisions of the NYLL, Plaintiffs are entitled to receive at least the statutory minimum wage for all hours worked.

70.     Throughout the relevant period, Defendants knowingly failed to pay Plaintiff at least the statutory minimum wages for all of the hours they worked.

71.     As a result of Defendants' violations of the law and failure to pay Plaintiffs the required minimum wages, Plaintiffs have been damaged and are entitled to recover from Defendants all unpaid minimum wages due, along with all reasonable attorneys' fees, interest, and costs.

72.     As Defendants did not have a good faith basis to believe that their failure to pay minimum wages was in compliance with the law, Plaintiffs are entitled to liquidated damages.

73.     Judgment should be entered in favor of Plaintiffs and against Defendants on the Fourth Cause of Action in the amount of Plaintiffs' unpaid minimum wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A FIFTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Spread of Hours Violations Under the NYLL)*

74.     Plaintiffs repeat and reallege all prior allegations set forth above.

75.     Plaintiffs regularly worked shifts that spanned more than ten (10) hours per day.

76.     Defendants willfully failed to pay Plaintiffs additional compensation of one (1) hour's pay at the basic minimum hourly wage rate for each day during which Plaintiffs' shifts spanned more than ten (10) hours.

77.     By failing to pay Plaintiffs spread of hours pay, Defendants willfully violated NYLL Article 19, §§ 650, *et seq.*, and the supporting New York State Department of Labor Regulations, including but not limited to, 12 N.Y.C.R.R. §§ 142 and/or 146.

78.     Judgment should be entered in favor of Plaintiffs and against Defendants on the Fifth Cause of Action in the amount of his unpaid spread of hours wages, liquidated damages, attorneys' fees, costs, interest, and such other legal and equitable relief as this Court deems just and proper.

**AS AND FOR A SIXTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Provide Payroll Notices Under the NYLL)*

79.     Plaintiffs repeat and reallege all prior allegations set forth above.

80.     Defendants failed to furnish to Plaintiffs, at the time of hire or at any time thereafter, notices containing the rate or rates of pay and basis thereof; allowances, if any claimed as part of the minimum wage; the regular pay day designated by the employer; the name of the employer; the "doing business as" names used by the employer; the physical address of the employer's main or principal place of business, and a mailing address if different; the telephone number of the employer or any other information required by NYLL § 195(1).

81.     As Defendants failed to provide Plaintiffs with payroll notices as required by NYLL § 195(1), Plaintiffs are entitled to liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

82.     Judgment should be entered in favor of Plaintiffs and against Defendants on the Sixth Cause of Action in the form of liquidated damages amounting to $50.00 per day in which the violation occurred, up to maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**AS AND FOR A SEVENTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF**
*(Failure to Provide Wage Statements Under the NYLL)*

83.     Plaintiffs repeat and reallege all prior allegations set forth above.

84.     Throughout the relevant period, Defendants failed to furnish to Plaintiffs, with each wage payment, a statement listing: the regular hourly rates of pay; overtime rates of pay; number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; and net wages; in violation of NYLL § 195(3).

85.    As Defendants failed to provide Plaintiffs with wage statements as required by NYLL § 195(3), Plaintiff is entitled to liquidated damages in the amount of $250.00 per day for every day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

86.    Judgment should be entered in favor of Plaintiffs and against Defendants on the Seventh Cause of Action in the form of liquidated damages amounting to $250.00 per day for every day in which the violation occurred, up to maximum of $5,000.00, along with all reasonable attorneys' fees and costs.

**WHEREFORE** Plaintiffs, on behalf of himself and the FLSA Collective Plaintiffs, pray for relief as follows:

a)  on the First Cause of Action on behalf of Plaintiffs and the FLSA Collective Plaintiffs for all overtime wages due to Plaintiff and the FLSA Collective Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

b)  on the Second Cause of Action for all overtime wages due to Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

c)  on the Third Cause of Action for all minimum wages due to Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

d)  on the Fourth Cause of Action for all minimum wages due to Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

e)  on the Fifth Cause of Action for all spread of hours wages due to Plaintiffs, liquidated damages, and reasonable attorneys' fees in an amount to be determined by this Court;

f)  on the Sixth Cause of Action for liquidated damages in the amount of $50.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorney fees in an amount to be determined by this Court;

g) on the Seventh Cause of Action for liquidated damages in the amount of $250.00 per day in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorney's fees in an amount to be determined by this Court;

h) interest;

i) costs and disbursements; and

j) such other and further relief as is just and proper.

Dated: December 10, 2024
       New York, NY

**LAW OFFICE OF MOHAMMED GANGAT**

By: _____
Mohammed Gangat, Esq.
675 Third Avenue, Suite 1810
New York, New York
(718) 669-0714
mgangat@gangatllc.com

*Attorneys for Plaintiffs*