## FAIR LABOR STANDARDS ACT SETTLEMENT AND RELEASE AGREEMENT

This Fair Labor Standards Act ("FLSA") Settlement and Release Agreement (the "Agreement") is made by and between Capri II Pizza, Inc., Giulio DiVito and Christopher DiVito ("Defendants") and Plaintiff Francisco Reyes ("Plaintiff").  Plaintiff and Defendants are collectively referred to as "the Parties."

### RECITALS

1.      The following recital paragraphs are incorporated into and form a part of this Settlement Agreement:

WHEREAS, a dispute exists between Plaintiff and Defendants that resulted in Plaintiff's filing of a lawsuit in the United States District Court for the Eastern District of New York (the "Court") titled Raul Herrera and Francisco Reyes, individually and on behalf of all others similarly situated in the proposed FLSA collective action v. Capri II Pizza,Inc., Giulio DiVito and Christopher DiVito, Case No. 1:24-cv-09483, in which Plaintiff asserted, *inter alia*, that Defendants failed to pay Plaintiff minimum wage and overtime wages in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA") and other legal requirements.

WHEREAS, Defendants deny all material allegations and claims asserted in the Lawsuit; and

WHEREAS, the Parties nevertheless wish to avoid the burden, expense, and uncertainty of litigating Plaintiff's claims and desire, without any concession or admission of unlawful conduct, liability, fault, or wrongdoing of any Party, to effectuate a full, complete, final, and binding settlement and compromise of all claims that Plaintiff may have against Defendants, known or unknown, asserted or unasserted, at any time through the date of his execution of the Agreement.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual covenants and promises set forth in this Agreement, agree as follows:

### AGREEMENT

1.      **Dismissal of the Lawsuit.** In exchange for the consideration described herein, the Parties agree to seek dismissal of Plaintiff Reyes' claims in the Lawsuit as against Defendants with prejudice.  Plaintiff authorizes his counsel to execute the Stipulation and Order of Dismissal with Prejudice, attached as **Exhibit A**, and to submit any papers to the Court that are necessary to effectuate the dismissal of the Lawsuit as against all Defendants and/or the full release of claims, and enforcement of the Agreement.

This Agreement is contingent on the Court approving the settlement of Plaintiff's FLSA claims and dismissing the Lawsuit with prejudice as against Defendants. In the event that the Court for any reason declines or fails to dismiss the Lawsuit with prejudice as contemplated by this Agreement, this Agreement shall be voidable at Defendants' option. In such case, the Parties shall be returned to their respective statuses as of the date immediately prior to the execution date of this Agreement; the Parties shall proceed in all respects as though the Agreement had not been executed; nothing contained in this Agreement shall be used as an admission against either Party; and no Party to this Agreement shall be deemed to have waived or relinquished any rights, privileges, claims, or defenses by having entered into this Agreement. Notwithstanding the foregoing, the Parties may agree in a separate writing to modify or alter this Agreement in order to obtain Court approval and dismissal of the Lawsuit with prejudice.

**2. Release of FLSA and NYLL Wage and Hour Claims.** In exchange for the consideration described in Paragraph 4 of this Agreement, Plaintiff, for himself and his respective agents, representatives, assignees, heirs, executors, administrators, beneficiaries, and trustees ("Releasors") irrevocably and unconditionally waives, releases, and forever discharges Defendants and their predecessors, successors, all former, current, and future related organizations, companies, divisions, subsidiaries, affiliates, chapters, insurers, reinsurers and parents, and, collectively, their respective former, current and future directors, officers, employees, agents, representatives, attorneys, fiduciaries, assigns, heirs, executors, administrators, beneficiaries, and trustees (collectively, the "Released Parties"), from any and all claims each Releasor may have against any of the Released Parties up to and including the effective date of this Agreement, whether known or unknown, pursuant to the FLSA, as well as any and all state or local wage laws, including but not limited to all claims under the New York Labor Law ("NYLL") or common law, in particular as well, claims for payment of minimum wage and overtime compensation arising under the FLSA along with any claims derivative of such claims including for contributions to pension, welfare and stock plans or related to taxes, unpaid costs, penalties (such as late payment penalties), liquidated damages, punitive damages, compensatory damages, interest, attorneys' fees, litigation costs, or restitution.

**3. No Admission of Liability.** This Agreement is entered into in compromise of all disputed claims in this matter. The Parties agree and acknowledge that the execution of this Agreement and the payment of the monetary consideration described herein are not, and shall not, be construed in any way as an admission of wrongdoing or liability on the part of Defendants. Plaintiff further acknowledges that Defendants deny all allegations of wrongdoing. The Parties intend, by their actions, pursuant to this Agreement, merely to avoid the expense, delay, uncertainty, and burden of litigation.

**4.    Consideration.**  In exchange for the promises made by, and in consideration for, all the terms agreed to by Plaintiff in this Agreement, Defendants, agree to pay Plaintiff and his counsel the amounts listed in paragraph 4 totaling FIFTEEN THOUSAND Dollars ($15,000.00) ("Settlement Sum") within fifteen (15) days after the Court approves this Agreement and dismisses the Action with prejudice against Defendants by so ordering the stipulation attached as "Exhibit A," and Plaintiff and Plaintiff's attorney complete, execute, and submit IRS Form W-9s to counsel for Defendants.  Payment of the Settlement Sum shall be deemed and operated as full satisfaction of all FLSA and NYLL claims Plaintiff may have for wages and/or liquidated damages. Payments shall be apportioned, as follows:

**(a)**  Plaintiff shall be apportioned the amount of Four Thousand Eight Hundred Sixty Five Dollars and no cents ($4,865), with income  tax withholdings, representing unpaid wages. An IRS Form W-2 will be issued to Plaintiff with respect to this amount;

**(b)**  Plaintiff shall be apportioned the amount of Four Thousand Eight Hundred Sixty Five Dollars and no cents ($4,865) for liquidated damages and interest with no taxes or withholdings. An IRS Form 1099-MISC (Box 10), will be issued to Plaintiff with respect to this amount;

**(c)**  The Law Office of Mohammed Gangat shall be apportioned the amount Five Thousand Two Hundred Seventy Dollars and no cents ($5,270), for attorney's fees and actual out-of-pocket costs ($405) related to representation of Plaintiff for the claims settled herein. An IRS Form 1099-MISC (Box 10) will be issued to the Plaintiff and Law Office of Mohammed Gangat with respect to this amount.

Plaintiff's counsel's provision of an appropriately completed IRS Form W-9 from Plaintiff and from Plaintiff's Counsel shall be a condition precedent to such payments.

The total settlement amount of fifteen thousand dollars ($15,000.00), as outlined in Paragraph 4, shall be sent to Plaintiff's counsel's office via Federal Express by Defendants' and/or Defendants' counsel. The Settlement Sum will be postmarked within 15 days of the Court's approval of this Agreement.

Plaintiff and Plaintiff's counsel agree to indemnify and hold Defendants and their counsel harmless for any tax liability, penalty, interest, cost, or expense incurred as a result of Plaintiff's or counsel's failure to pay taxes for which that individual is responsible. Defendants do not make any warranty or representation to Plaintiff or Plaintiff's counsel regarding the tax consequences of any payments.

5.    **Confession of Judgment.** Defendants Giulio DiVito and Christopher DiVito shall execute  Affidavits of Confession of Judgment on behalf of themselves, and Giulio DiVito will

sign an Affidavit of Confession of Judgment on behalf of Capri II Pizza, Inc. the Corporate Defendant, in the amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00), plus reasonable attorneys' fees and costs associated with filing any such Affidavits of Confession of Judgment, in the form attached hereto as **Exhibit B** (the "Confessions of Judgment"). Contemporaneously with Defendants' execution of this Agreement, Defendants shall provide Plaintiff's counsel with said Confession of Judgment bearing original signatures, which shall be held in escrow by Plaintiff's counsel.

In the event Defendants are in default of any of the payments required under Paragraph 1 of this Agreement, Plaintiff shall provide fifteen (15) calendar days' written notice via email to Defendants' counsel as set forth in Paragraph 12 below, of their intent to file the Confession of Judgment. Defendants will have fifteen (15) calendar days to remedy their default before Plaintiff files the Confession of Judgment. In the event Defendants fail to remedy their default before Plaintiff files the Confession of Judgment, Plaintiff will solely be entitled to the Settlement Amount minus any Payments paid to Plaintiff on or before the date that Plaintiff files the Confession of Judgment as set forth in Paragraph 2(b) below. Plaintiff may then enter judgment against Defendants in New York State Supreme Court, upon a default of any payment obligation as set forth in this Agreement, and a fifteen (15) calendar day period of time to cure such default ("Confirmed Default"). Upon complete satisfaction of all payments set forth in Paragraph 1, the Confession of Judgment will be deemed null and void, and Plaintiff's counsel will return the original Confession of Judgment to Defendants' counsel and retain no copies of the same.

Should Plaintiff or his attorneys file the Confession of Judgment in Court, Plaintiff, through his attorneys, shall also file a Partial Satisfaction of Judgment crediting Defendants with any payments made to Plaintiff by Defendants under this Agreement.

Upon Defendants' Confirmed Default, and in the event that the Court denies or otherwise rejects Plaintiff's filing the Confessions of Judgment in Court, then Plaintiff may instead file suit against Defendants for breach of this Agreement and recover from Defendants liquidated damages in the amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00), less any payments made under this Agreement. In addition to their rights to file the Confession of Judgment or suit for breach of this Agreement, Plaintiff shall also have the right to recover from Defendants all reasonable attorneys' fees and costs incurred by Plaintiff related to Plaintiff's or their counsel's efforts to enforce this Agreement, including filing the Confession of Judgment and enforcing any judgment resulting therefrom and litigating an action to enforce this Agreement, beginning on the date of Defendants' Default. Should a judgment be entered based on the filing of the Confession of Judgment, Plaintiff shall be entitled to make an application to the Court to amend the judgment to include all costs and reasonable attorneys' fees incurred by Plaintiff from the date of the Default.

6.   **Other Acknowledgements and Affirmations.**

(a) Plaintiff agrees and affirms that he is entering into this Agreement knowingly, voluntarily, and with full knowledge of its significance; that the Agreement is fair and

reasonable; that he has consulted with Law Office of Mohammed Gangat prior to signing this Agreement; that he has been given a reasonable amount of time to consider this Agreement; and that, absent this Agreement, he would not otherwise be entitled to the consideration specified in Paragraph 4 of this Agreement;

(b) Plaintiff affirms that Plaintiff has not filed or caused to be filed, and is not presently a party to, any claim against Defendants except for the claims in the Lawsuit (which he agrees to the dismissal of with prejudice);

(c) Plaintiff affirms that he has been paid and/or has received all compensation, wages, bonuses, commissions and/or benefits to which Plaintiff may be entitled;

(d) The Parties acknowledge that this Agreement does not limit Plaintiff's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative wage and hour claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

**7.    Miscellaneous.**

(a) **No Waiver by Inaction.** The failure of any Party to insist upon strict adherence to any term of this Agreement shall not be considered a waiver as to that term or any other term in the Agreement.

(b) **Continuing Jurisdiction.** Nothing in this Agreement is intended to limit the Court's authority to retain continuing jurisdiction over the Parties to administer and enforce the terms of this Agreement.

(c) **Construction.** The Parties have had an opportunity to negotiate all terms, all conditions, and the language of this Agreement and hereby agree that all of the terms and conditions shall be construed as if drafted by all Parties and not against any as the drafter. Accordingly, any rule of construction that any ambiguity or uncertainty in a writing shall be interpreted against the party drafting the written instrument shall not apply to the construction of this Agreement.

(d) **Choice of Law.** The enforcement of this Agreement shall be governed and interpreted by, and under, the laws of New York regardless of whether any party is, or may hereafter be, a resident of another state.

(e) **Extension of Time.** The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement.

(f) **Counterparts.** This Agreement may be executed in counterparts, and each executed counterpart shall have the same force and effect as an original instrument, as if all of the Parties to all of the counterparts had signed the same instrument. This Agreement may be executed by "wet" signature (i.e., using pen and paper) or electronic signature (e.g., via DocuSign), and may be delivered by electronic means. E-mailed or faxed copies of original signatures shall be considered the equivalent of an original signature.

(g) **Modifications.** With the exception of extensions of time as described in Subsection (e) of this Paragraph 6, no amendment or modification of the terms of this Agreement shall be binding on the Parties unless reduced to writing and signed by the person or entity against whom enforcement is sought.

(h) **Severability.** The Parties agree that if any phrase, clause, or provision of this Agreement, other than Paragraph 2, is declared illegal, invalid, or unenforceable by a court of competent jurisdiction after this Agreement takes effect, such phrase, clause, or provision shall be deemed severed from this Agreement, but will not affect any other provisions of this Agreement, which shall otherwise remain in full force and effect. If any phrase, clause, or provision of this Agreement, other than Paragraph 2, is deemed unreasonable, onerous, or unduly restrictive by a court of competent jurisdiction after this Agreement takes effect, it shall not be stricken in its entirety and held totally void and unenforceable, but shall remain effective to the maximum extent permissible within reasonable bounds. If the release set forth in Paragraph 2 of this Agreement is deemed illegal, invalid, or unenforceable in whole or in part after this Agreement takes effect, then this Agreement shall be voidable in its entirety at Defendants' option, in which case Plaintiff shall return the consideration received.

**[SIGNATURE PAGES FOLLO**

_____
Signed by: Francisco Reyes
Dated: ___2/11/25___

_____
_____
Signed by:
_____
Title:
_____
Capri II Pizza Inc
Dated:
_____


_____
_____

Guilio DiVito
Dated:
_____
_____
_____

Christopher DiVito
Dated:
_____

_____

Signed by: Francisco Reyes

Dated:_____

_____
_____

Signed by:

_____

Title:

_____

Capri II Pizza Inc

Dated:

_____


_____
_____

Guilio DiVito

Dated:

_____

_____
_____

Christopher DiVito   02 / 04 / 2025

Dated:

_____*Christopher DiVito*_____

Doc ID: caedd1e385c5996b6a8081ddeefbe3c49984cf83

Signed by: Francisco Reyes
Dated:_____

Signed by:
_____

Title:
_____

Capri II Pizza Inc
Dated:

2/7/25

Guilio DiVito
Dated:

2/7/25

Christopher DiVito
Dated:
_____

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------X

RAUL HERRERA and FRANCISCO REYES,

                            Plaintiffs,

            -against-                                                    Civ. No.:  1:24-cv-09483

CAPRI II PIZZA, INC., GUILIO DIVITO and
CHRISTOPHER DIVITO,

                            Defendants.

-------------------------------------------------------X

**<u>STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE</u>**

        IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff FRANCISCO

REYES ("Plaintiff") and Defendants CAPRI II PIZZA, INC., GUILIO DIVITO, a

CHRISTOPHER DIVITO (collectively "Defendants") that the parties' FAIR LABOR

STANDARDS ACT SETTLEMENT AND RELEASE AGREEMENT ("Agreement") having

been found to constitute a fair and reasonable compromise of a *bona fide* dispute, this action is

dismissed, with prejudice, in its entirety and with no award of attorneys' fees, costs or

disbursements to Plaintiff or Defendants by the Court.  Pursuant to the terms of the Agreement,

the Court retains jurisdiction over disputes between the parties for purposes of enforcement of

the settlement.

        [INTENTIONALLY LEFT BLANK – SIGNATURES ON FOLLOWING PAGE]

_____
*Attorney for Plaintiff*
**Eliseo Cabrera, Esq.**
**Law Office of Mohammed Gangat**
675 Third Avenue, Suite 1810,
New York, NY 10017
(929) 251-4299
eliseo@lawyerforworkers.com


Dated:_____2/12/2025_____

_____
____
*Attorneys for Defendants*
Rachel M. Haskell, Esq.
**Working Solutions Law Firm**
80 Broad Street, Suite 708
New York, New York 10004
(646) 430-7930
rhaskell@workingsolutionsnyc.com


Dated:___2/12/2025_____




SO ORDERED THIS ____ DAY OF_____, 2025.


_____
United States District Judge

**EXHIBIT B**

**NEW YORK STATE SUPREME COURT**
**COUNTY OF WESTCHESTER**

------------------------------------------------ X

RAUL HERRERA and FRANCISCO
REYES,

      Plaintiffs,

   -against-

CAPRI II PIZZA, INC., GUILIO DIVITO
and CHRISTOPHER DIVITO,

      Defendants.

------------------------------------------------ X

           IndexNo.:

STATE OF _____ )

         ss.:

COUNTY OF _____ )

GUILIO DIVITO, being duly sworn, deposes and says:

1.  I am a named defendant in an action, involving the same parties as the parties in the above-entitled action, previously brought in the United States District Court for the Southern District of New York.

2.  I hereby confess judgment in this court in favor of Plaintiff Francisco Reyes ("Plaintiff") for the sum of Fifteen Thousand Dollars and Zero Cents ($15,000.00), less any amounts paid by Defendants in compliance with the terms of the negotiated Settlement & Release Agreement referenced in Paragraph 3 below, and I hereby authorize said Plaintiff or his successors and assigns and all persons acting by, through and in concert with any of them, to enter judgment for that sum against me.

3.  This confession of judgment is for a debt justly due to the Plaintiff arising out of the following facts:

  a.  Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Southern District of New York against, inter alia, myself, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;

b. The defendants to the lawsuit ("Defendants"), including myself, denied any wrongdoing;

c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit, Defendants, including myself, agreed to, jointly and severally, pay the sum of $15,000.00 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in Paragraph 2 of the Settlement Agreement entered into between the parties;

d. In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure, Plaintiff is entitled to judgment against me in the amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00), less any amounts already paid.

4.    This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.


Date: _____


By:        _____
           GUILIO DIVITO

**NEW YORK STATE SUPREME COURT**
**COUNTY OF WESTCHESTER**

------------------------------------------------- X

RAUL HERRERA and FRANCISCO
REYES,

                    Plaintiffs,

       -against-

CAPRI II PIZZA, INC., GUILIO DIVITO
and CHRISTOPHER DIVITO,

                  Defendants.

------------------------------------------------- X

Index No.:

STATE OF _____ )
                            ss.:
COUNTY OF _____ )

CHRISTOPHER DIVITO, being duly sworn, deposes and says:

1. I am a named defendant in an action, involving the same parties as the parties in the above-entitled action, previously brought in the United States District Court for the Southern District of New York.

2. I hereby confess judgment in this court in favor of Plaintiff Francisco Reyes ("Plaintiff") for the sum of Fifteen Thousand Dollars and Zero Cents ($15,000.00), less any amounts paid by Defendants in compliance with the terms of the negotiated Settlement & Release Agreement referenced in Paragraph 3 below, and I hereby authorize said Plaintiff or his successors and assigns and all persons acting by, through and in concert with any of them, to enter judgment for that sum against me.

3. This confession of judgment is for a debt justly due to the Plaintiff arising out of the following facts:

    a. Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Southern District of New York against, inter alia, myself, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;

FLSA Settlement and Release Agreement, Page 14

    b.   The defendants to the lawsuit ("Defendants"), including myself, denied any wrongdoing;

    c.   Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit, Defendants, including myself, agreed to, jointly and severally, pay the sum of $15,000.00 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in Paragraph 2 of the Settlement Agreement entered into between the parties;

    d.   In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure, Plaintiff is entitled to judgment against me in the amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00), less any amounts already paid.

4.    This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.

Date: _____

By:       _____
        CHRISTOPHER DIVITO

**NEW YORK STATE SUPREME COURT**
**COUNTY OF WESTCHESTER** ---------------------------- X

RAUL HERRERA and FRANCISCO
REYES,

                Plaintiffs,

      -against-

CAPRI II PIZZA, INC., GUILIO DIVITO
and CHRISTOPHER DIVITO,

              Defendants.

------------------------------------------------- X

IndexNo.:

STATE OF _____ )
                          ss.:
COUNTY OF _____ )

GUILIO DIVITO, being duly sworn, deposes and says:

1. I, Guilio DiVito, am the sole owner of CAPRI II PIZZA, Inc., (the "Coroporation") a named defendant in an action, involving the same parties as the parties in the above-entitled action, previously brought in the United States District Court for the Southern District of New York.

2. On behalf of the Corporation, I hereby confess judgment in this court in favor of Plaintiff Francisco Reyes ("Plaintiff") for the sum of Fifteen Thousand Dollars and Zero Cents ($15,000.00), less any amounts paid by Defendants in compliance with the terms of the negotiated Settlement & Release Agreement referenced in Paragraph 3 below, and I hereby authorize said Plaintiff or his successors and assigns and all persons acting by, through and in concert with any of them, to enter judgment for that sum against me.

3. This confession of judgment is for a debt justly due to the Plaintiff arising out of the following facts:

     a. Plaintiff filed a lawsuit ("the lawsuit") in the United States District Court for the Southern District of New York against, inter alia, myself, asserting claims for damages under, inter alia, state and federal wage and hour laws, as set forth in the complaint filed in such lawsuit;

b. The defendants to the lawsuit ("Defendants"), including myself, denied any wrongdoing;

c. Pursuant to a Settlement Agreement & Release whereby the parties to the lawsuit settled the lawsuit, Defendants, including myself, agreed to, jointly and severally, pay the sum of $15,000.00 in full and complete settlement of all issues that were or could have been raised by Plaintiff in this action, paid, as specified in Paragraph 2 of the Settlement Agreement entered into between the parties;

d. In the event that Defendants fail to pay any settlement payment, or any part of any settlement payment, when due and owing, following notice and opportunity to cure, Plaintiff is entitled to judgment against me in the amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00), less any amounts already paid.

4.     This confession of judgment is not for the purpose of securing the Plaintiff against a contingent liability.


Date: _____


By:          _____
             GUILIO DIVITO
             Owner, Capri II Pizza, Inc.


STATE OF _____     )
                                                    ss.:
COUNTY OF _____     )

On the ___ day of _____ , 2025, before me, the undersigned, a Notary Public in and for the State of _____ , personally appeared _____, personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument, and acknowledged to me that (s)he executed the within instrument in his or her capacity and that by his or her signature on the instrument, the person or entity upon behalf of which the person acted executed the instrument.